UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD HANSEN, JR.,  )
    Plaintiff,  )
      )
      )
    v.  )    C.A. No. 1:26-CV-00087-JJM-PAS
      )
CUSTOM IRON WORKS, INC.,  )
    Defendant.  )
      )

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Richard J. Hansen, Jr. sues his former employer, Custom Iron Works, Inc. ("CIW"), and alleges that he was unlawfully retaliated against because of activity he engaged in related to unpaid wages.  ECF No. 1 ¶ 1.  He brings his claims under the Rhode Island Payment of Wages Act ("RIPWA") and the Rhode Island Whistleblowers' Protection Act ("RIWPA").  *Id.*  CIW has moved to dismiss both claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 3 at 1.  Mr. Hansen opposes CIW's motion and alternatively moves to remand this matter to state court.  ECF No. 5-1 at 1.  For the reasons stated below, the Court grants Mr. Hansen's Motion to Remand and denies CIW's Motion to Dismiss as moot.

## I.    BACKGROUND

Mr. Hansen worked for CIW in 2019 as a journeyman.  ECF No. 1 ¶ 7.  Due to the COVID-19 pandemic and attendant shutdown, CIW laid off Mr. Hansen in March 2020.  *Id.* ¶ 8.  CIW re-hired Mr. Hansen as a foreman five months later.  *Id.* ¶ 9.  Mr. Hansen was a member of Local 37, International Association of Bridge, Structural,

Ornamental and Reinforcing Iron Workers, AFL-CIO (the "Union"), which afforded him the protections and benefits under the Union's Collective Bargaining Agreement ("CBA"). *Id.* ¶ 11.

In October 2024, Mr. Hansen requested unpaid time off from Wednesday, November 6 through Tuesday, November 12. *Id.* ¶ 12. Of relevance to this dispute, the Veterans Day Holiday fell on Monday, November 11 (during the timeframe that Mr. Hansen requested off). *Id.* ¶ 14. CIW granted his request for unpaid time off. *Id.* ¶ 13.

The following month, Mr. Hansen realized that his paystub did not reflect a payment for the Veterans Day Holiday, as mandated under the CBA. *Id.* ¶¶ 20-22. CIW disputed this and claimed that Mr. Hansen was not entitled to the Veterans Day Holiday pay. *Id.* ¶ 23. In response, Mr. Hansen directed CIW to the CBA and asserted that nothing supported CIW's position regarding his inability to receive holiday pay. *Id.* ¶ 25. Later that day, Mr. Hansen informed CIW that he sought the Union's clarification on the matter, and that the Union agreed with his position on the pay dispute. *Id.* ¶ 29.

Shortly thereafter, CIW informed Mr. Hansen he would receive the holiday pay. *Id.* ¶ 31. However, just two days later, CIW terminated Mr. Hansen's employment during a thirty-second phone call and justified their decision because they had "too many Foremen on payroll." *Id.* ¶¶ 32-34.

Mr. Hansen filed this action in Rhode Island Superior Court. ECF No. 3 at 3. CIW timely removed it to this Court. *Id.* at 1.; *See* 28 U.S.C. § 1441. Before this

Court is CIW's Motion to Dismiss Mr. Hansen's state retaliation claims (RIPWA and RIWPA). ECF No. 3. In support of dismissal, CIW asserts that Section 301 of the Labor Management Relations Act ("LMRA") preempts Mr. Hansen's state law claims because they rely on the interpretation of the CBA, and, therefore, certain aspects of the claims must be grieved and arbitrated before Mr. Hansen can seek relief from this Court. *Id.* at 17. CIW also argues that, even if Mr. Hansen's state law claims survive preemption, his state RIPWA and RIWPA claims do not plausibly state a claim for relief, which therefore warrant dismissal. Alternatively, Mr. Hansen opposes CIW's motion and requests that this Court remand his case to Superior Court. ECF No. 5-1 at 1. Because CIW's preemption argument and Mr. Hansen's Motin to Remand resolves this motion in its entirety, the Court will address it first.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A claim is plausible when the well pleaded facts allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged" and must be "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-678 (2009). In assessing plausibility, the Court must accept all well-pleaded factual allegations as true, but it need not credit legal conclusions or "threadbare recitals of the elements of a cause of action." *Id.* at 678. The plausibility inquiry is

context specific and requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

Additionally, to succeed on a Motion to Remand, the party that sought removal must show that the court possesses jurisdiction over the matter. *BIW Deceived v. Loc. S6, Indus. Union of Marine and Shipbuilding Workers of Am., IAMAW District Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997).

## III. DISCUSSION

CIW removed this action under 28 U.S.C. § 1441(a). In support of doing so, CIW asserts that Mr. Hansen's state law claims require the Court to interpret the CBA and are therefore preempted under Section 301 of the LMRA. ECF No. 3 at 1. Whether a case presents federal questions under 28 U.S.C. § 1331 typically is determined from what "'necessarily appears' on the face of a plaintiff's complaint, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Rhode Island v. Shell Oil Products Co.*, 35 F.4th 44, 51 (1st Cir. 2022) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). Courts also refer to this concept as "the well-pleaded complaint rule." *Id.*

That said, there are exceptions to this rule: a defendant may remove a case to federal court under 28 U.S.C. § 1331 federal question jurisdiction "by virtue of complete preemption."[1] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Here,

---

[1] The Supreme Court has described this exception as a jurisdictional doctrine that operates when "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citing *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

CIW asserts that the complete preemption doctrine applies and supports its removal of Mr. Hansen's suit to federal court because the LMRA (a federal statute) converted his state-law claims into a federal claim.

### A.    Section 301 Preemption

Section 301 of the LMRA allows "[s]uits for violation of contracts between an employer and a labor organization representing employees." *Maestas v. Kent County Memorial Hospital*, C.A. No. 23-127-JJM-LDA, 2023 WL 7385108, at *2 (D.R.I. Nov. 8, 2023) (citing 29 U.S.C. § 185(a)).  In other words, Section 301 "preempts a state law claim when the 'asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement.'" *Fosu v. Univ. of Rhode Island*, 590 F. Supp. 3d 451, 462 (D.R.I 2022) (quoting *Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997)).  In creating this provision, Congress intended that "a comprehensive, unified, body of federal law should govern actions concerning the interpretation and enforcement of collective bargaining agreements." *Maestas*, 2023 WL 7385108, at *2; *Fant v. New England Power Serv. Co.*, 239 F.3d 8, 14 (1st Cir. 2001).

A state law claim "depend[s] on the meaning" of a CBA if (1) it alleges conduct that constitutes breach of duty that arises under a CBA, or (2) its resolution "hinges" upon an interpretation of the CBA.  *Maestas*, 2023 WL 7385108, at *2 (quoting *Haggins v. Verizon New England Inc.*, 648 F.3d 50, 54-55 (1st Cir. 2011)).  But if a state law claim can be resolved without interpreting the CBA, then it is deemed independent of the agreement for Section 301 preemption purposes.  *Maestas*, 2023

WL 7385108, at *2 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988)).

### B.   State Law Retaliation Claims

To determine whether Section 301 preempts Mr. Hansen's state law claims (RIPWA and RIWPA), the Court looks to whether the claims raise "'purely factual questions' that do not require the Court to interpret any CBA term or provision." *Maestas*, 2023 WL 7385108, at *2 (citing *Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994)).  In its Motion to Dismiss, CIW contends that Mr. Hansen's retaliation claims are preempted and warrant dismissal because "his asserted rights are derived from [the CBA], and his claims are inextricably intertwined with consideration of the terms of the [CBA]."  ECF No. 3 at 6.  CIW goes on to argue that whether Mr. Hansen was owed holiday pay for Veterans Day "hinges on" an interpretation of the CBA, which explicitly lays out which days are and are not eligible for holiday pay under the agreement.  *Id.*

On the other hand, Mr. Hansen argues that determining whether he was entitled to holiday pay under the CBA is not what is at issue here.  ECF No. 5 at 7. Nor is it necessary to establish whether CIW was authorized to terminate Mr. Hansen under the CBA.  *Id.*  Both of those analyses would require interpretation of the CBA. Mr. Hansen alternatively argues that what is relevant to his retaliation claims is not the CBA, but CIW's motivation for terminating him and whether it was based on his engagement in protected activity—purely factual questions that do not rely on the interpretation of the CBA.  *Id.*

Courts distinguish between "interpretation" and mere "consultation" of a CBA agreement in this context. *See Lingle*, 486 U.S. at 413; *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 11-12 (1st Cir. 2001) (explaining that consulting an agreement while litigating a state law claim does not make the claim "dependent" for purposes of Section 301 preemption). To cross the line from consulting to interpreting, there must be a "real interpretive dispute." *Lydon v. Boston Sand and Gravel Co.*, 175 F.3d 6, 11 (1st Cir. 1999) (citing *Martin v. Shaw's Supermarkets, Inc.*, 105 F.3d 40, 42 (1st Cir. 1997)). "Purely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a collective bargaining agreement." *Flibotte*, 131 F.3d at 25-26. Section 301 of LMRA cannot be "interpreted to preempt employee claims arising out of nonnegotiable rights conferred by state law." *Id.* at 26.

### 1.    RIPWA (Count I) and RIWPA (Count II)

Here, Mr. Hansen's claims arise under the RIPWA and the RIWPA, both of which confer nonnegotiable rights independent of any collective bargaining agreement. *See* R.I. Gen. Laws §§ 28-12-2(8) *et seq.*; 28-14-1; 28-14-19.3 *et seq.* (the right to timely payment of earned wages, to recover unpaid wages, to be free from retaliation for asserting wage rights); R.I. Gen. Laws §§ 28-50-1 *et seq.* and 28-50-3(4) (the right to report unlawful conduct, be free from retaliation for doing so). Mr. Hansen alleges that he was terminated after questioning his employer's failure to pay holiday pay and raising that concern with his Union. Resolving this retaliation claim under either statute turns on a purely factual inquiry—whether Mr. Hansen

engaged in protected conduct and whether his termination was motivated by that conduct—rather than the meaning of any provision of the CBA.

Although CIW may contend that holiday pay is governed by the CBA, that argument does not require the Court to determine that this matter is preempted. The question for purposes of Mr. Hansen's retaliation claims is not whether he was contractually entitled to holiday pay under the CBA, but whether he was terminated for asserting his right to wages or for engaging in protected activity. As a result, the relevant inquiry here does not require interpretation of the CBA.

Unlike *Cavallaro*, where the First Circuit found Section 301 preemption appropriate because the plaintiff's wage claims turned on whether they were entitled to compensation under the CBA, Mr. Hansen's claims here do not depend on any interpretation of the CBA. *Cavallaro v. UMass Memorial Healthcare, Inc.*, 678 F.3d 1, 5 (1st Cir. 2012) (holding that claims for money had and received, quantum meruit/unjust enrichment, and conversion all depend on analysis of the CBA's terms). There, the court emphasized that resolving the dispute required analyzing CBA provisions governing whether compensation was owed, making the claims intertwined with the CBA. *Id.* By contrast, the issue here centers on CIW alleged retaliation for Mr. Hansen's complaining about wages, which falls squarely within a purely factual inquiry. *See Adames*, 258 F.3d at 12 (citing *Lingle*, 486 U.S. at 407). Accordingly, because Mr. Hansen's claims can be resolved without interpreting the CBA and instead involve enforcement of independent state-law rights, Section 301 does not preempt them under *Lingle*. Because Mr. Hansen has brought only state-

law claims, and they are not preempted by federal law, this Court lacks subject-matter jurisdiction.

## IV.    CONCLUSION

For these reasons, the Court DENIES Custom Iron Works, Inc. Motion to Dismiss (ECF No. 3) and accordingly GRANTS Mr. Hansen's Motion to Remand (ECF No. 5) the matter back to Rhode Island Superior Court for lack of federal subject matter jurisdiction over both claims.


IT IS SO ORDERED.

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 4, 2026

9